UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS R.,

                    Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 2:19-cv-02053-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEDURES**

Plaintiff Thomas R. seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred by failing to find his back impairment severe and misevaluating several consulting and examining doctors' opinions. Dkt. 19. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A.      Back impairment

Plaintiff argues that the ALJ erred by finding his back impairment was not severe. Dkt. 19 at 6. At step two, a claimant must make a threshold showing that (1) he has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R.

§ 404.1520(c), 416.920(c). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The step-two inquiry has been characterized as "a *de minimis* screening device to dispose of groundless claims." *Id.*

The ALJ found the record supported a finding that plaintiff had a history of spinal disorders beginning with a 2004 motor vehicle accident. Tr. 17. The ALJ found that although plaintiff did not report a significant triggering event, multilevel degenerative changes revealed in a July 2018 MRI supported a finding that he had a medically determinable spinal disorder. Tr. 18. However, the ALJ further found that plaintiff typically presented with normal, waxing and waning, or perhaps exaggerated signs, which the ALJ found to suggest that his back disorders did not seriously impact his ability to engage in basic work activities. *Id.* The ALJ also found that, given the date of the July 2018 MRI, this impairment did not satisfy the one-year durational requirement.[1] The ALJ therefore found plaintiff's back impairment to be non-severe, but nevertheless took into consideration plaintiff's back disorder in evaluation his RFC. *Id.*

Plaintiff argues the ALJ improperly evaluated the medical evidence of his back impairment and that this impairment was severe at least as of November 2017, two years after his alleged onset date and more than one year before the ALJ's decision. Dkt. 9 at 7. Plaintiff points to his reports of back pain and examination and imaging findings from throughout the alleged disability period, including his reports of increased pain with diminished strength in his lower extremities beginning in November 2017 and the July 2018 MRI showing multilevel degenerative changes. Dkt. 19 at 9.

---

[1] The ALJ's decision is dated December 27, 2018.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 2

1       The Commissioner responds the ALJ reasonably concluded that plaintiff's spinal

2   condition did not significantly impair his ability to perform basic work activities and was thus

3   non-severe. Dkt. 20 at 3. The Commissioner further asserts that even if the ALJ erred in finding

4   plaintiff's back impairment not severe, any error was harmless for two reasons: first because the

5   ALJ resolved step two in plaintiff's favor and considered the limitations caused by plaintiff's

6   back impairment later in the sequential evaluation, and second because plaintiff has not

7   identified any limitations stemming from his spinal condition that preclude him from performing

8   the jobs identified at step five. *Id* at 3-4.

9       The ALJ required plaintiff to show that his spinal impairment "seriously" impacted his

10  ability to engage in basic work activities, rather than evaluating whether his back impairment had

11  more than a minimal effect on his ability to work. *Smolen*, 80 F.3d at 1290. The ALJ thus

12  improperly imposed a stricter requirement than the *de minimis* screening device step two is

13  intended to be. *Id.* Plaintiff's complaints, the examination results, and imaging findings meet the

14  threshold of having more than a minimal impact on his functioning. The ALJ's own RFC

15  finding, limiting plaintiff to medium work with postural and environmental restrictions due to his

16  back impairment, demonstrates as much. Plaintiff's claim of a severe back impairment cannot be

17  said to be groundless. The ALJ erred in finding it to be so.

18      However, the Court must assess whether this error was harmless. An error is harmless

19  only if it is inconsequential to the ALJ's ultimate nondisability determination. *Molina v. Astrue*,

20  674 F.3d 1104, 1122 (9th Cir. 2012). As the Commissioner points out, the ALJ considered the

21  issue of plaintiff's back impairment at the remaining steps of the decision and included

22  limitations resulting from this impairment in the RFC finding. However, the ALJ relied on

23  opinion of consulting doctor Debra Baylor, M.D., and examining doctor Gary Gaffield, D.O. Tr.

24. Dr. Baylor reviewed the record in July 2017, and Dr. Gaffield examined plaintiff in April 2017, both of which occurred before plaintiff began reporting worsening symptoms and the MRI documented significant degenerative changes. These doctors' opinions alone therefore did not provide a complete or accurate picture of plaintiff's functioning throughout the relevant period. Although the ALJ may have accurately assessed plaintiff's functioning in the period before his back impairment worsened, the ALJ's failure to evaluate the changing nature of plaintiff's impairment means the error was not harmless.

In addition, the Commissioner's assertion that plaintiff failed to identify any limitations that would preclude him from performing the jobs identified at step five ignores the Commissioner's own concession, discussed below, that the ALJ's error in evaluating the consulting psychologists' opinion eliminated all the jobs the VE identified except for nighttime housekeeper. Dkt. 20 at 6-7. The Court cannot say that if the ALJ had properly assessed plaintiff's spinal condition throughout the disability period, it would have resulted in an RFC finding that allowed him to perform that job, which requires medium-level work. The ALJ's error in assessing plaintiff's back impairment was therefore not harmless.

Accordingly, the ALJ's decision is reversed and this case remanded for further administrative proceedings. Because the Court is remanding for further administrative proceedings at step two, the Court need not decide the remaining issues plaintiff presents. Nevertheless, the Court will address them as needed to ensure any errors are addressed on remand.

**B.      Consulting psychologists' opinions**

Plaintiff argues that the ALJ erred by rejecting a portion of the consulting psychologists' opinions without explanation. Dkt. 19 at 3. The consulting psychologists opined that plaintiff

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 4

1  would be able to "complete routine tasks not in close proximity to others over a normal 8-hour

2  workday with customary breaks" and that he would be able to "interact for brief periods with

3  others in a work setting and accept supervision." Tr. 210-11, 230. The ALJ gave great weight to

4  these opinions. Tr. 25. The ALJ found, however, that plaintiff had the residual functional

5  capacity to work in proximity to co-workers but not in a cooperative or team effort, and he

6  required a work environment with no more than superficial interactions with co-workers and

7  without public contact. Tr. 20. The ALJ gave no explanation for this discrepancy.

8       Plaintiff argues that the ALJ erred by concluding that plaintiff could work in proximity to

9  others without giving a reason for rejecting these opinions. Dkt. 19 at 5. Plaintiff asserts that this

10  error is not harmless because the vocational expert did not testify that an individual who was

11  unable to work in close proximity to others could perform the jobs she identified. *Id* at 6.

12       The Commissioner acknowledges that this omission appears to be an error but asserts that

13  this error was harmless. Dkt. 20 at 6-7. The Commissioner argues that the VE testified that one

14  of the jobs she identified, night housekeeper, is performed during night hours when no one else is

15  present, and this job exists in significant numbers in the national economy, making the ALJ's

16  error here harmless. Dkt. 20 at 6.

17       Although the Court need not determine whether this omission was harmful in light of the

18  remand at step two, the Court directs the ALJ on remand to either incorporate this portion of the

19  opinion into the new RFC finding or give valid reasons for discounting it.

20      **B.**    **Dr. Gaffield's opinion**

21       Plaintiff argues that the ALJ erred by rejecting a portion of Dr. Gaffield's opinion

22  without explanation. Dkt. 19 at 6. Dr. Gaffield opined that plaintiff could perform postural

23  activities only occasionally. Tr. 609. The ALJ generally gave Dr. Gaffield's opinion great weight

but found that plaintiff had the ability to frequently perform postural activities. Tr. 20, 25.

Plaintiff acknowledges that the error is harmless if it is the only error found but asserts that it is

significant because one of the jobs the ALJ identified, industrial cleaner, requires greater postural

activities greater than the Dr. Gaffield's opinion. Dkt. 19 at 6. The Court directs the ALJ to

address this discrepancy as part of the reevaluation of Dr. Gaffield's opinion on remand.

### D.      Dr. Czysz

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Czysz. Dkt. 19 at 10.

Dr. Czysz examined plaintiff in October 2016 and opined that he would have moderate or

marked limitations in numerous areas of mental functioning and that he was markedly limited

overall. Tr. 543-46. The ALJ gave this opinion slight weight, finding that it was not supported by

the longitudinal record, plaintiff's statements to his treating physicians, and his activities of daily

living. Tr. 25. The ALJ also found that Dr. Czysz based his opinion solely on his one-time

examination and he was therefore not a reliable source for plaintiff's long-term mental

functioning. Tr.26. Finally, the ALJ found that Dr. Czsyz's opinion was predicated on plaintiff's

self-report, which the ALJ found to be not a reliable indication of his mental functioning, and

was for the purposes of qualifying plaintiff for state benefits and not a true estimation of

plaintiff's maximum residual functional capacity. *Id.*

Although the Court need not determine whether the ALJ committed harmful error in

evaluating Dr. Czysz's opinion, the Court will note that at least two of the reasons the ALJ gave

for discounting the opinion are invalid. First, an ALJ does not provide adequate reasons for

rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints

where the doctor does not discredit those complaints and supports his ultimate opinion with his

own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Czysz did not

question plaintiff's complaints. To the contrary, Dr. Czysz administered the Rey 15 item memory test, a dissimulation screening task, and found that the results suggested adequate effort. Tr. 547. And Dr. Czysz conducted a thorough clinical examination in support of his opinion. The ALJ's assessment of plaintiff's statements to Dr. Czysz was not a valid reason to discount the opinion.

Second, the mere fact that an evaluation was for purposes of determining eligibility for benefits does not invalidate that opinion. There is nothing to indicate that Dr. Czysz purposefully slanted his evaluation in an attempt to ensure plaintiff qualified for state benefits, or that instead of giving his professional opinion based on his clinical evaluation, he gave a false estimation of plaintiff's abilities, as the ALJ implies. Without actual evidence that Dr. Czysz gave anything other than his professional opinion based on his clinical assessment, this was not a valid reason to reject the opinion. The ALJ shall reevaluate Dr. Czysz's opinion on remand and should take care not to repeat these errors.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's back impairment at step two of the five-step disability evaluation process. The ALJ shall further develop the record and redo the remainder of the five-step disability evaluation process in accordance with this decision and as the ALJ deems necessary and appropriate to make a new decision.

DATED this 13th day of October, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEDURES - 7